FILE COPY

1   Marc E. Hankin (SBN: 170505)
    Marc@HankinPatentLaw.com
2   Kevin Schraven (SBN: 259446)
    Kevin@HankinPatentLaw.com
3   **HANKIN PATENT LAW, APC**
4   6404 Wilshire Boulevard, Suite 1020
5   Los Angeles, CA  90048-5512
    Tel: (323) 944-0206
6   Fax: (323) 944-0209
7
    Attorneys for Plaintiff,
8   **SMDM, INC.**

```
        FILED
CLERK, U.S. DISTRICT COURT

  NOV  1 4 2011
   10:25

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

9
10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12   SMDM, INC., a California corporation,    ) Case No.: CV-11-9417-ODW (AGRx)
13              Plaintiff,                    )
14                                            ) **PLAINTIFF SMDM, INC.'S**
15        vs.                                 ) *VERIFIED* **COMPLAINT FOR:**
                                              ) **1. FEDERAL TRADEMARK**
16   ZOCO PUBLISHING, INC., a California      )    **COUNTERFEITING;**
     corporation, HOLLYWOOD                   ) **2. TRADEMARK INFRINGEMENT;**
17   MEMORIES, INC., a California             ) **3. UNFAIR COMPETITION UNDER**
     corporation, BATIA ZAHAVI, an           )    **CAL. BUS & PROF CODE 17200;**
18   individual, d/b/a HOLLYWOOD              ) **4. COMMON LAW UNFAIR**
     SOUVENIRS, HOLLYWOOD MEGA,              )    **COMPETITION;**
19   INC., a California corporation, BOSS     ) **5. INTENTIONAL INTERFERENCE**
20   LITHO, INC., a California corporation,   )    **WITH PROSPECTIVE**
     SOUVENIRS OF HOLLYWOOD, INC.,           )    **ECONOMIC ADVANTAGE;**
21   a fictitious business entity, and DOES 1 ) **6. NEGLIGENT INTERFERENCE**
22   through 5, inclusive,                    )    **WITH PROSPECTIVE**
23                                            )    **ECONOMIC ADVANTAGE; AND**
              Defendants.                     ) **7. UNJUST ENRICHMENT**
24                                            )
25                                            ) **DEMAND FOR JURY TRIAL**
26
27        Plaintiff SMDM, INC. (hereinafter "SMDM" or "Plaintiff") for its *Verified*
28   Complaint against Defendant ZOCO PUBLISHING, INC., a California corporation

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

("Zoco"), HOLLYWOOD MEMORIES, INC., a California corporation ("Hollywood Memories"), BATIA ZAHAVI ("Zahavi"), an individual, d/b/a HOLLYWOOD SOUVENIRS, INC., ("Hollywood Souvenirs"), HOLLYWOOD MEGA, INC., a California corporation ("Hollywood Mega"), BOSS LITHO, INC., a California corporation ("Boss Litho"), SOUVENIRS OF HOLLYWOOD, INC., a California corporation ("Souvenirs of Hollywood"), and DOES 1 through 5, inclusive, and each of them (hereinafter collectively referred to as "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) in that this case involves a federal question (28 U.S.C. § 1331) arising, in part, pursuant to the trademark laws of the United States. 15 U.S.C. § 1051 *et seq.*

2. The Court has jurisdiction over the unfair competition claims and unfair business practices claims pursuant to the provisions of 28 U.S.C. § 1338(b). The Court also has supplemental jurisdiction over the state law and common law unfair competition claims and unfair business practices claims, pursuant to the provisions of 28 U.S.C. § 1367, in that said claims are joined with a substantial and related federal claim arising under the trademark laws of the United States, see 15 U.S.C. § 1051 *et seq.*

3. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events described herein occurred in this judicial district, Defendants are subject to personal jurisdiction in this judicial district, and the harm to Plaintiff is within this judicial district.

## THE PARTIES

4. Plaintiff SMDM is a California corporation within this judicial district that markets and sells maps and periodicals. A true and correct copy of a map sold by Plaintiff is attached hereto as Exhibit A.

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

5.   At least as early as January 1, 1975, Plaintiff began using the Trademark "STAR MAPS" in connection with maps of the homes of entertainment personalities.   After establishing secondary meaning through thirty-six (36) years of continuous and exclusive use, Plaintiff, on January 9, 2008, submitted U.S. Trademark Application Serial No. 77/367,766 for "STAR MAPS," which later issued as U.S. Trademark No. 3,548,027.  A true and correct copy of the "STAR MAPS" Trademark, as displayed at the U.S. Trademark Office's website, is attached hereto as Exhibit B.

6.   Plaintiff has also been using the STAR MAPS Trademark in connection with signs and advertisements to direct customers to Plaintiff's maps at least as early as January 1, 1975.  True and correct copies of signs and advertisements of the "STAR MAPS" Trademark are attached hereto as Exhibit C.

7.   In establishing its secondary meaning of the STAR MAPS Trademark, Plaintiff has been using map vending machines throughout Sunset and Hollywood Boulevards to sell maps with the STAR MAPS Trademark. True and correct copies of images of map vending machines selling SMDM's maps are attached hereto as Exhibit D.

8.   Plaintiff is informed and believes, and thereon alleges, that Defendant Zoco is a California corporation with an address in Sun Valley, California.

9.   Plaintiff is informed and believes, and thereon alleges, that Zoco markets and sells maps of the homes of entertainment personalities under the designation "STARMAPS WITH APPS."  A true and correct copy of a map that is marketed and sold by Zoco is attached hereto as Exhibit E.

10.  Plaintiff is informed and believes, and thereon alleges, that Zoco conceals its profits by marketing and selling maps with unreadable barcodes that do not register upon scanning.  Specifically, each Zoco map does not have a readable barcode to register the amount of sales that Zoco profits from its

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

map products.  To obtain a written proof of purchase of a Zoco map, a typewritten receipt is provided to its customers. A true and correct copy of a Zoco map receipt is attached hereto as Exhibit F.

11.  Plaintiff is informed and believes, and thereon alleges, that Defendant Hollywood Memories is a California corporation with an address in Los Angeles, California.

12.  Plaintiff is informed and believes, and thereon alleges, that Defendant Hollywood Memories provides assistance to Zoco in the marketing, selling, and distribution of maps under the designation "STARMAPS WITH APPS."  True and correct copies of images depicting Zoco maps being marketed and sold by Hollywood Memories is attached hereto as Exhibit G.

13.  Plaintiff is informed and believes, and thereon alleges, that Defendant Zahavi is an individual, d/b/a Hollywood Souvenirs in Los Angeles, California.

14.  Plaintiff is informed and believes, and thereon alleges, that Defendant Zahavi provides assistance to Zoco in the marketing, selling, and distribution of maps under the designation "STARMAPS WITH APPS." True and correct copies of images depicting Zoco maps being marketed and sold by Zahavi is attached hereto as Exhibit H.

15.  Plaintiff is informed and believes, and thereon alleges, that Defendant Hollywood Mega is a California corporation with an address in Los Angeles, California.

16.  Plaintiff is informed and believes, and thereon alleges, that Defendant Hollywood Mega provides assistance to Zoco in the marketing, selling, and distribution of maps under the designation "STARMAPS WITH APPS." True and correct copies of images depicting Zoco maps being marketed and sold by Hollywood Mega is attached hereto as Exhibit I.

PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT

17. Plaintiff is informed and believes, and thereon alleges, that Defendant Boss Litho is a California corporation with an address in City of Industry, California.

18. Plaintiff is informed and believes, and thereon alleges, that Defendant Boss Litho provides assistance to Zoco in the printing and distributing of its maps under the designation "STARMAPS WITH APPS." A true and correct copy of a Zoco map with a Boss Litho logo is attached hereto as Exhibit J.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant Souvenirs of Hollywood is a fictitious business entity with an address in Los Angeles, California.

20. Plaintiff is informed and believes, and thereon alleges, that Defendant Souvenirs of Hollywood provides assistance to Zoco in the marketing, selling, and distribution of maps under the designation "STARMAPS WITH APPS." True and correct copies of images depicting Zoco maps being marketed and sold by Souvenirs of Hollywood is attached hereto as Exhibit K.

21. The correct and proper names of Defendants named herein as DOES 1 to 5, inclusive, and each of them, are unknown to Plaintiff, who therefore sues such "DOE" Defendants by fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each fictitiously named "DOE" Defendant is, in some manner, means, or degree, responsible for the events and happenings alleged herein.  Plaintiff will amend this *Verified* Complaint, as necessary, to set forth the true names and capacities of the fictitiously designated "DOE" Defendants when the same have been ascertained.

22. Plaintiff is informed and believes, and thereon alleges, that each Defendant, whether expressly or fictitiously named, in addition to acting

PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT

for himself, herself, or itself, and on its, his, her or their individual behalf(ves), was at all times herein mentioned a principal, agent, employee, joint venturer, co-conspirator, representative, or alter ego of some or all of the other named Defendants, and at all times herein mentioned, committed such acts or omissions within the course and scope of that agency, servitude, employment, partnership, joint venture, conspiracy, representation, or alter ego relationship, with the full knowledge, consent, authority, and/or ratification of some or all of the other named Defendants.

## **FACTUAL BACKGROUND**

23. At least as early as January 1, 1975, Plaintiff began using the Trademark "STAR MAPS" in connection with printed periodicals, namely, maps of movies star homes, and on hand painted signage on outdoor sandwich boards and advertising signs. After establishing secondary meaning through thirty-six (36) years of continuous and exclusive use, Plaintiff, on January 9, 2008, submitted U.S. Trademark Application Serial No. 77/367,766 for "STAR MAPS," which later issued as U.S. Registered Trademark No. 3,548,027.

24. On or about May 25, 2011, Plaintiff first learned of Zoco's use of the "STARMAPS WITH APPS" designation in connection with maps of the homes of entertainment personalities.

25. From May until November 2011, Plaintiff, on approximately a dozen different occasions, received complaints from customers who experienced actual confusion between the products sold under Plaintiff's "STAR MAPS" Trademark and those map products sold under the "STARMAPS WITH APPS" designation by Defendants. Specifically, customers complained about the poor quality of Defendants' maps and therefore requested a refund from Plaintiff, erroneously believing that

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

Plaintiff was the source of the inferior quality maps.

26. When purchasing Defendants' maps with the "STARMAPS WITH APPS" designation, customers were not allowed to open and view Defendants' maps before purchase.  After purchasing Defendants' maps, however, customers complained that the maps contained inaccurate information and lacked valid addresses and/or directions to celebrity's homes.   When reviewing Plaintiff's maps with the "STAR MAPS" Trademark, customers then requested to purchase Plaintiff's map products.

27. Plaintiff also learned that Zoco uses various websites such as Facebook to advertise its maps with the STARMAPS WITH APPS designation in order to redirect potential customers from Plaintiff's maps.  A true and correct copy of STARMAPSWITHAPPS Facebook page and Zoco's Facebook page are attached hereto as Exhibit L.

28. Zoco has also infringed the STAR MAPS Trademark by using the STARMAPS WITH APPS designation to advertise through other online services such as Youtube and Twitter.  By using common search terms and adwords, Zoco redirected potential customers to Zoco's Facebook, Youtube, and Twitter page.  A true and correct copy of Zoco's map product with the STARMAPS WITH APPS designation, which advertises its maps through Facebook, Youtube, and Twitter, is attached hereto as Exhibit M.

29. From May until November 2011, Plaintiff also learned that Defendants Hollywood Memories, Zahavi, Hollywood Mega, Boss Litho, and Souvenirs of Hollywood have been providing assistance to Zoco in the marketing, selling, and distribution of maps under the designation "STARMAPS WITH APPS."

30. On or about July 18, 2011, Plaintiff sent a Letter using certified federal

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

express mail to Zoco, notifying Zoco that its use of the "STARMAPS WITH APPS" designation constituted Trademark Infringement and demanding that Zoco Cease and Desist its unlawful use of the "STARMAPS WITH APPS" designation. Zoco did not accept receipt of the July 18, 2011 Cease and Desist Letter. A true and correct copy of the July 18, 2011 Letter and Certified Mail sent from Plaintiff to Zoco is attached hereto as Exhibit N.

31. On or about July 20, 2011, Plaintiff sent a Letter dated July 19, 2011 using certified federal express mail to Hollywood Memories, notifying Hollywood Memories that its selling of Zoco's map products with the "STARMAPS WITH APPS" designation constituted Trademark Infringement and demanding that Hollywood Memories Cease and Desist its unlawful use of the "STARMAPS WITH APPS" designation. In addition to the Cease and Desist Letter, Plaintiff also provided Hollywood Memories with a Settlement Agreement to immediately Cease and Desist copying the STAR MAPS Trademark in exchange for releasing Hollywood Memories from infringement liability. Hollywood Memories did not sign the Settlement Agreement, and the Return Receipt and unsigned Settlement Agreement were sent back to Plaintiff. A true and correct copy of the July 19, 2011 Letter, Return Receipt, and unsigned Settlement Agreement are attached hereto as Exhibit O.

32. On or about July 20, 2011, Plaintiff sent a Letter dated July 19, 2011 using certified federal express mail to Hollywood Souvenirs, notifying Hollywood Souvenirs that its selling of Zoco's map products with the "STARMAPS WITH APPS" designation constituted Trademark Infringement and demanding that Hollywood Souvenirs Cease and Desist its unlawful use of the "STARMAPS WITH APPS" designation. In addition to the Cease and Desist Letter, Plaintiff also provided Hollywood

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

Souvenirs with a Settlement Agreement to immediately Cease and Desist copying the STAR MAPS Trademark in exchange for releasing Hollywood Souvenirs from infringement liability.  Batia Zahavi, owner of Hollywood Souvenirs, signed the Settlement Agreement, and the Return Receipt and signed Settlement Agreement were sent back to Plaintiff.  A true and correct copy of the Return Receipt, July 19, 2011 Letter, and signed Settlement Agreement are attached hereto as Exhibit P.

33. On or about July 20, 2011, Plaintiff sent a Letter dated July 19, 2011 using certified federal express mail to Hollywood Mega, notifying Hollywood Mega that its selling of Zoco's map products with the "STARMAPS WITH APPS" designation constituted Trademark Infringement and demanding that Hollywood Mega Cease and Desist its unlawful use of the "STARMAPS WITH APPS" designation.  In addition to the Cease and Desist Letter, Plaintiff also provided Hollywood Mega with a Settlement Agreement to immediately Cease and Desist copying the STAR MAPS Trademark in exchange for releasing Hollywood Mega from infringement liability.   Hollywood Mega signed the Settlement Agreement, and the Return Receipt and signed Settlement Agreement were sent back to Plaintiff.  A true and correct copy of the July 19, 2011 Letter, Return Receipt and signed Settlement Agreement are attached hereto as Exhibit Q.

34. On or about July 20, 2011, Plaintiff sent a Letter dated July 19, 2011 using certified federal express mail to Souvenirs of Hollywood, notifying Souvenirs of Hollywood that its selling of Zoco's map products with the "STARMAPS WITH APPS" designation constituted Trademark Infringement and demanding that Souvenirs of Hollywood Cease and Desist its unlawful use of the "STARMAPS WITH APPS" designation. In addition to the Cease and Desist Letter, Plaintiff also provided

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

Souvenirs of Hollywood with a Settlement Agreement to immediately Cease and Desist copying the STAR MAPS Trademark in exchange for releasing Souvenirs of Hollywood from infringement liability.  Souvenirs of Hollywood signed the Settlement Agreement, and the Return Receipt and signed Settlement Agreement were sent back to Plaintiff.  A true and correct copy of the July 19, 2011 Letter, Return Receipt and signed Settlement Agreement are attached hereto as Exhibit R.

35.  On or about July 20, 2011, Plaintiff sent a Letter dated July 19, 2011 using certified federal express mail to Boss Litho, notifying Boss Litho that its selling of Zoco's map products with the "STARMAPS WITH APPS" designation constituted Trademark Infringement and demanding that Boss Litho Cease and Desist its unlawful use of the "STARMAPS WITH APPS" designation.  In addition to the Cease and Desist Letter, Plaintiff also provided Boss Litho with a Settlement Agreement to immediately Cease and Desist copying the STAR MAPS Trademark in exchange for releasing Boss Litho from infringement liability.  A true and correct copy of the July 19, 2011 Letter and Return Receipt is attached hereto as Exhibit S.

36.  On or about July 22, 2011, Boss Litho formally responded to Plaintiff's Cease and Desist Letter, with another letter, stating that Boss Litho is not responsible for distributing Zoco's maps with the STARMAPS WITH APPS designation, and that Plaintiff should forward any correspondence to those responsible for the selling and distribution of the STARMAPS WITH APPS designation.  A true and correct copy of the July 22, 2011 Letter sent from Boss Litho to Plaintiff is attached hereto as Exhibit T.

37.  On or about July 22, 2011, although Zoco did not accept receipt of Plaintiff's July 18, 2011 Cease and Desist Letter, Zoco formally responded to Plaintiff's Cease and Desist Letter with another Letter.  The

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

July 22, 2011 Letter stated that Plaintiff did not own the "STAR MAPS" Trademark and requested Plaintiff to immediately retract Plaintiff's Cease and Desist Letter; otherwise, Defendant Zoco threatened to file suit against Plaintiff. A true and correct copy of the July 22, 2011 Letter sent from Zoco to Plaintiff is attached hereto as Exhibit U.

38. On or about August 11, 2011, Plaintiff's counsel sent a Letter to Zoco, stating that Plaintiff does own the "STAR MAPS" Trademark; that Plaintiff had been using the "STAR MAPS" Trademark since at least as early as June 1976; and that Plaintiff used the Mark on its website with the URL of http://www.moviestarmaps.net. Accordingly, Plaintiff notified Zoco that its use of the "STARMAPS WITH APPS" designation constituted Trademark Infringement and demanded Zoco to Cease and Desist its unlawful use of the "STARMAPS WITH APPS" designation. A true and correct copy of the August 11, 2011 Letter sent from Plaintiff to Zoco is attached hereto as Exhibit V.

39. On or about August 16, 2011, Zoco formally responded to Plaintiff's August 11, 2011 Cease and Desist Letter, with another Letter, indicating that Plaintiff cannot prevent Zoco from producing maps to homes of entertainment personalities. A true and correct copy of the, July 22, 2011 letter sent from Zoco to Plaintiff is attached hereto as Exhibit W.

40. Despite Plaintiff providing Zoco with clear and convincing evidence that Plaintiff was using the STAR MAPS Trademark well before Zoco's STARMAPS WITH APPS designation, Defendants did not agree to cease their infringing use of the STARMAPS WITH APPS designation. Indeed, as of the date of the filing of this *Verified* Complaint, Zoco has refused to comply with any of Plaintiff's demands.

41. From May until November 2011, Plaintiff also, on approximately a dozen different occasions, learned that Defendants have continued to sell and

distribute Zoco's map products, despite the notices of Plaintiff's Cease and Desist Letters.  Plaintiff also learned that other various stores have sold and distributed Zoco maps with the "STARMAPS WITH APPS" designation and reprinting and redistributing of the map for Summer 2011 with new designation names "STAR MAPS OF DOWNTOWN", "STAR MAPS STAR'S HOMES AND WALK OF FAME", "STARMAPS WITH APPS" designation, alone or in combination with any other term(s), word(s), name(s), logo(s), symbol(s), device(s), designation(s), and/or design(s).  True and correct copies of images depicting Zoco maps with various designations and images depicting Zoco maps being marketed and sold at other various stores is attached hereto as Exhibit X.

42. Plaintiff has continuously, from the date of SMDM's first use in commerce, actively used the "STAR MAPS" mark in commerce in connection with movie star map products.  At no time did Plaintiff ever "abandon" its use of the STAR MAPS Trademark.

43. Through continuous, long, and extensive use of the "STAR MAPS" Trademark, Plaintiff has built up significant goodwill and acquired a substantial amount of recognition among the relevant purchasing public.

44. Plaintiff is further entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendants as a result of Defendants' acts of infringement alleged above.  Plaintiff also is further entitled to recover from Defendants the damages related to statutory, injunctive, and punitive relief from Defendants' illegal use of the STARMAPS WITH APPS designation.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, as Plaintiff believes that Zoco has been hiding its profits by using fake bar codes on its map products.  Plaintiff, however, believes that it has sustained such damage in an amount well

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

exceeding $12,050,000.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Counterfeiting, 15 U.S.C. § 1114)

45. Plaintiff re-alleges and incorporates paragraphs 1 to 43 above as though fully set forth herein.

46. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's STAR MAPS Trademark on goods covered by registrations for the STAR MAPS Trademark.

47. Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

48. Defendants' use of the STAR MAPS Trademark to advertise, promote, offer for sale, distribute and sell Defendants' maps was and is without the consent of Plaintiff.

49. Defendants' unauthorized use of the STAR MAPS Trademark on and in connection with Defendants' advertisement, promotion, sale, offering for sale and distribution of maps throughout Los Angeles and the World Wide Web constitute Defendants' use of the STAR MAPS Trademark in commerce. Specifically, Defendants have used Plaintiff's STAR MAPS Trademark on: (a) map products similar to Plaintiff's; (b) signs and advertisements outside stores; (c) Facebook website; (d); Youtube website; and (e) Twitter services.

50. Defendants' unauthorized use of the STAR MAPS Trademark as set forth above is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' maps are the same as Plaintiff's maps or that Defendants are authorized, sponsored or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff; and (c) result in Defendants unfairly

benefitting from Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff and STAR MAPS Trademark all to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's STAR MAPS Trademark, and the substantial goodwill represented thereby.

51. Defendants' acts as aforesaid constitute Trademark Counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. Defendants' acts are both willful and malicious.

53. By reason of the foregoing, Defendants are liable to Plaintiff for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

### SECOND CLAIM FOR RELIEF

(Trademark Infringement)

54. Plaintiff re-alleges and incorporates paragraphs 1 to 52 above as though fully set forth herein.

55. The acts of the Defendants described above constitute an infringement of Plaintiff's rights in and to the use of its trademark, with consequent damages to Plaintiff and the business and goodwill associated with and symbolized by Plaintiff's Mark that gives rise to this action.

56. Plaintiff have continuously used the STAR MAPS Trademark over the past thirty-six (36) years in connection with the design, sale, and marketing of Plaintiff's highly sought after maps of movie stars homes. Additionally, because of SMDM's extensive use of the distinctive STAR MAPS Trademark, this Trademark has acquired considerable value and

has become well known to the consuming public as identifying and distinguishing Plaintiff uniquely and exclusively as the source of exceedingly high quality map products, and thus, Plaintiff's STAR MAPS Trademark has also acquired secondary meaning.

57. Long after Plaintiff's adoption of the STAR MAPS Trademark, and long after its federal registration for same, Defendants have, in the past, and unless enjoined by this court, will continue in the future, to advertise, distribute, and sell their competing map products under the designation "STARMAPS WITH APPS" all in violation of 15 U.S.C. § 1114(1). Plaintiff does not consent to or authorize such infringing use by the Defendants of the STAR MAPS Trademark.

58. On or about May 25, 2011, Plaintiff first learned of Zoco's use of the "STARMAPS WITH APPS" designation in connection with Plaintiff's printed map products.

59. From May until November 2011, Plaintiff also learned that Defendants Hollywood Memories, Zahavi d/b/a Hollywood Souvenirs, Hollywood Mega, Boss Litho, and Souvenirs of Hollywood have been providing assistance to Zoco in connection with advertising and selling maps with the STARMAPS WITH APPS designation at various stores.

60. On information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the above-identified registered trademark, are in total disregard of Plaintiff's rights and were commenced and have continued in spite of Defendants' knowledge that the use of such trademarks or a copy or a colorable imitation thereof in the manner described here was and is in direct contravention of Plaintiff's rights.

61. Defendants' conduct has confused, and is likely to continue to confuse the public, and to cause deception and mistake among the consuming public

PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT

and trade by creating the erroneous impression that Defendants' maps products have been manufactured, approved, sponsored, endorsed, designed, or guaranteed by, or are in some way are affiliated with, the Plaintiff's. Furthermore, Defendants' commercial advertising and promotion misrepresents an ongoing association with Plaintiff.

62. Irreparable harm and injury is actual and ongoing, and is causing the Plaintiff injury to its business reputation and dilution of the distinctive quality of Plaintiff's Trademark as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law.

63. Defendants' acts of trademark infringement have caused, and are continuing to cause, great and irreparable harm to Plaintiff, Plaintiff's goodwill, and Plaintiff's rights to the exclusive use of Plaintiff's Mark, all in an amount in excess of $12,050,000 and, unless Defendants are preliminarily and permanently restrained, Defendants' acts will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

64. Plaintiff is further entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendants as a result of Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but Plaintiff are informed and believe, and thereon alleges, that Plaintiff have sustained such damage in an amount well exceeding $12,050,000.

65. Defendant Zoco's acts of infringement have been and are being committed after notices effectuated by law and notices effectuated by Plaintiff, and are willful and in gross disregard of Plaintiff's rights.

66. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against the Defendants, and each of them, and

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

anyone associated with them, and anyone who acts in concert with them, to restrain further acts of infringement and, after trial or summary judgment, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement, and to recover enhanced damages and attorneys fees, based upon the willful, intentional, and/or grossly negligent activities of the Defendants.

### THIRD CLAIM FOR RELIEF

(Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200, *et seq*.)

67. Plaintiff re-alleges and incorporates paragraphs 1 to 65 above as though fully set forth herein.

68. Defendants, who compete directly with Plaintiff, have engaged in a pattern of unlawful, unfair, deceptive, and fraudulent business practices, contrary to public policy, in violation of California Business & Professions Code §§ 17200, et seq., including the above described actions. Moreover, Defendants' conduct constitutes unfair competition under California Law.

69. Defendants' conduct, as alleged herein, has violated, and threatens to continue to violate, consumer protection laws, including the Trademark Laws, and the policy and spirit of such laws, and otherwise threatens or harms competition.  Defendants' conduct as alleged herein is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of §17200, et seq., of the California Business and Professions Code.

70. Defendants have improperly and unlawfully taken commercial advantage of Plaintiff's STAR MAPS Trademark in connection with maps of the homes of entertainment personalities under the designation "STARMAPS WITH APPS."  In light of Defendants' conduct, it would inequitable to allow Defendants to succeed in this trademark infringement suit even

though Plaintiff has a valid Trademark.

71. As a direct and proximate cause of the aforementioned unfair and unlawful acts and practices, Plaintiff and the general public have suffered injury. These wrongful acts have directly and proximately caused Plaintiff substantial injury, including loss of customers, loss of goodwill, dilution, confusion of existing and potential customers, injury to reputation, and diminution of the value of Plaintiff's services. Unless Defendants are restrained from the unfair, unlawful, and/or fraudulent business practices and unfair competition described herein, Plaintiff and the public will continue to be irreparably harmed.

72. Plaintiff is informed and believes, and thereon alleges, that Defendants acquired  from Plaintiff profits and benefits amounting to a substantial sum of money in this pattern of unlawful, unfair, and/or fraudulent business acts and practices set forth in the preceding paragraphs of this Complaint, all to the detriment of the Plaintiff.  This unjust enrichment continues to occur as Defendants continue to engage in said unlawful, unfair, and/or fraudulent business acts and practices.

73. As a result, of such unfair competition, Plaintiff has also suffered irreparable injury and, unless Defendants are enjoined from such unfair competition, will continue to suffer irreparable injury.  Plaintiff and the general public have no adequate remedy at law to compensate them for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

74. Defendants committed these unfair business practices within one year prior to the filing of this Complaint, and are continuing to commit these acts to this day.

75. Pursuant to California Business and Professions Code §17203, Plaintiff are entitled to temporary restraining orders, restitution, disgorgement of

Defendants' profits, and preliminary and permanent restraining orders, restitution, and preliminary and permanent injunctions against the behavior as alleged hereinabove of Defendants, their agents, employees, representatives, and all persons acting in concert with them from engaging in further acts of unfair competition and unfair business practices.

76. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against the Defendants, and each of them, and anyone associated with them, and anyone who acts in concert with them, to restrain further acts of unfair competition and, after trial or summary judgment, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of unfair competition, and to recover enhanced damages and attorneys fees, based upon the willful, intentional, and/or grossly negligent activities of the Defendants.

77. Pursuant to California Business & Professions Code Section 17203, Defendants are required to disgorge and restore to Plaintiff all profits and property acquired by means of Defendants' unfair competition with Plaintiff.   Defendants should also be enjoined from further unlawful, unfair, and deceptive business practices

### FOURTH CLAIM FOR RELIEF

(California Common Law Unfair Competition)

78. Plaintiff re-alleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 76 inclusive, as though set forth in full.

79. The acts and conduct of Defendants alleged above in this Complaint constitute unfair competition pursuant to the common law of California.

80. Defendants have engaged in unfair trade practices and unfair competition in connection with the marketing and selling of maps of the homes of entertainment personalities under the designation "STARMAPS WITH APPS," despite Plaintiff's ownership of the "STAR MAPS" Trademark.

81. Defendants' acts and conduct are likely to interfere with Plaintiff's economic relationships with current and prospective purchasers of the maps of the homes of entertainment personalities, in violation of Plaintiff's rights under the common law of unfair competition of the State of California.

82. Defendants' acts and conduct as alleged above have damaged and will continue to damage Plaintiff's economic relationships and have resulted in losses to Plaintiff and an illicit gain of profit to Defendants.

### FIFTH CLAIM FOR RELIEF

(Intentional Interference With Prospective Economic Advantage)

83. Plaintiff re-alleges and incorporates paragraphs 1 through 81 as though fully set forth herein.

84. Plaintiff has and had an expectancy in ongoing economic relationships with current and prospective purchasers and licensees of Plaintiff's products and works derived therefrom.

85. These relationships contained the probability of future economic benefit in the form of profits from selling the Trademarked Works themselves and derivative works thereof.  Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this *Verified* Complaint, there is a substantial probability that Plaintiff would have been able to further profit from its exclusive rights.

86. Defendants' conduct was wrongful by a measure beyond the fact of the interference itself.  Defendants sold maps, which intentionally infringed Plaintiff's STAR MAPS Trademark, which are in total disregard of Plaintiff's rights and have continued in spite of Defendants' knowledge that the use of Plaintiff's Mark or a copy or a colorable imitation thereof in the manner described here was and is in direct contravention of Plaintiff's rights.

87. This conduct, as alleged above, constitutes trademark counterfeiting and trademark infringement under the Lanham Act and unjust enrichment.

88. Defendants, through their relationship with Plaintiff, knew of and intended to interfere with Plaintiff's prospective business advantages as described above.

89. As a proximate result of Defendants' actions, Plaintiff has suffered economic harm, including, but not limited to, loss of profits from sales or licenses to current and potential customers of Plaintiff.  Defendants' wrongful conduct was a substantial factor in causing this harm.

90. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Plaintiff irreparable injury for which there is no adequate remedy at law.

91. Defendants' interference with Plaintiff's prospective economic advantage with its current and future customers, as described above, was willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages to punish Defendants' wrongful conduct and deter future wrongful conduct.

## SIXTH CLAIM FOR RELIEF

(Negligent Interference With Prospective Economic Advantage)

92. Plaintiff re-alleges and incorporates paragraphs 1 through 90 as though fully set forth herein.

93. Plaintiff has and had an expectancy in ongoing economic relationships with current and prospective purchasers of Plaintiff's products and works derived therefrom.

94. These relationships contained the probability of future economic benefit in the form of profits from selling the Trademarked maps themselves and derivative works thereof.  Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this *Verified* Complaint, there

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

is a substantial probability that Plaintiff would have been able to further profit from its exclusive rights.

95. Defendants' conduct was wrongful by a measure beyond the fact of the interference itself.  Defendants sold maps, which intentionally infringed Plaintiff's STAR MAPS Trademark, which are in total disregard of Plaintiff's rights and have continued in spite of Defendants' knowledge that the use of Plaintiff's Mark or a copy or a colorable imitation thereof in the manner described here was and is in direct contravention of Plaintiff's rights.

96. This conduct, as alleged above, constitutes trademark counterfeiting and trademark infringement under the Lanham Act and unjust enrichment.

97. Defendants, through their relationship with Plaintiff, knew or should have known that their actions would interfere with Plaintiff's prospective business advantages.  Defendants failed to act with reasonable care.

98. As a proximate result of Defendants' actions, Plaintiff has suffered economic harm, including, but not limited to, loss of profits from sales or licenses to current and potential customers of Plaintiff.  Defendants' wrongful conduct was a substantial factor in causing this harm.

99. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Plaintiff irreparable injury for which there is no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

100. Plaintiff re-alleges and incorporates paragraphs 1 through 98 as though fully set forth herein.

101. Defendants unjustly received benefits at the expense of Plaintiff through their wrongful conduct, including Defendants' infringement of the STAR MAPS Trademark and Defendants' interference with Plaintiff's business

relationships, which took substantial time and money for Plaintiff to develop.  Defendants continue to unjustly retain these benefits at the expense of Plaintiff.  It would be unjust for Defendants to retain any value they obtained as a result of their wrongful conduct.

102. Plaintiff is accordingly entitled to full restitution of all amounts by which Defendants have been unjustly enriched at Plaintiff's expense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, as follows:

1.  A preliminary and, ultimately, permanent nationwide injunction enjoining Defendants, and their employees, officers, directors, insurers, agents, representatives, successors, assigns, affiliates, and subsidiaries, and all those in concert or participation with them from imitating, copying, using, reproducing, advertising, promoting, registering, attempting to register, and/or displaying the STAR MAPS Trademark or any Mark which colorably imitates or is confusingly similar to this Mark, including, without limitation, the "STARMAPS WITH APPS" designation, alone or in combination, with any other term(s), word(s), name(s), logo(s), symbol(s), device(s), designation(s) and/or design(s) in any manner whatsoever and using any other false description or representation or any other thing calculated or likely to cause confusion, deception or mistake in the Marketplace with regard to Plaintiff's Mark;

2.  An Order directing that Defendants deliver up for destruction all materials and matter in their possession or custody or under their control that infringe or unfairly compete with Plaintiff's Mark, including, without limitation, all advertising and promotional materials and marked products;

3.  An Order directing that Defendants cease using the STARMAPS WITH

APPS designation or any other name, designation, or trademark that is confusingly similar to Plaintiff's Trademark;

4. An Order directing that Defendants file with the Court and serve upon counsel for Plaintiff within ten (10) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

5. That Defendants be required to pay over to Plaintiff damages suffered by Plaintiff as a consequence of said acts complained of herein, and that those damages be trebled as trademark infringement and unfair business practices are intentional, deliberate, and willful, together with costs and interest;

6. That Defendants be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law;

7. An Order awarding to Plaintiff an amount of $12,050,000 in treble actual damages and treble damages based upon an accounting of Defendants' profits, including all statutory enhancements and other enhancements on account of the willful nature of Defendants' acts;

8. An Order awarding to Plaintiff prejudgment and post judgment interest;

9. An award of Plaintiff's costs and expenses, including, without limitation, reasonable attorney's fees and expert witness fees and costs;

10. An order for corrective advertising in a form, manner, and frequency that is acceptable to Plaintiff and the Court; and

11. All other relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

1

2          Respectfully Submitted,
           **HANKIN PATENT LAW, APC**
3

4    Date:  November 14, 2011          By:  /Marc E. Hankin/
                                       _____
5                                      Marc E. Hankin (SBN# 170505)
                                       Attorney for Plaintiff
6                                      **SMDM, INC.**

7

8                     <u>**JURY TRIAL DEMANDED**</u>

9

10   Plaintiff hereby demands a trial by jury as to all issues so triable.

11

12         Respectfully Submitted,
           **HANKIN PATENT LAW, APC**
13

14   Date:  November 14, 2011          By:  /Marc E. Hankin/
                                       _____
15                                     Marc E. Hankin (SBN# 170505)
                                       Attorney for Plaintiff
16                                     **SMDM, INC.**

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

## <u>VERIFICATION</u>

     I am the president of the Plaintiff in the above-captioned action.  I have read the foregoing Complaint and Exhibits thereto, and I know the contents thereof.  The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

     I declare under the penalties of perjury of the United States that the foregoing is true and correct.  Executed at Beverly Hills, California on November 14, 2011.


By:   <u>/David Marzouk/</u>
       **David Marzouk**
       President of SMDM, Inc.

**PLAINTIFF SMDM, INC.'S VERIFIED COMPLAINT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 9417 ODW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**FILE COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SMDM, Inc., a California corporation, | ZOCO PUBLISHING, INC., a California corporation, HOLLYWOOD MEMORIES, INC., a California corporation, BATIA ZAHAVI, an individual, d/b/a HOLLYWOOD SOUVENIRS, HOLLYWOOD MEGA, INC., a California corporation, BOSS LITHO, INC., a California corporation, SOUVENIRS OF HOLLYWOOD, INC., a fictitious business entity, and DOES 1 through 5, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Marc E. Hankin (S.B. No. 170505), HANKIN PATENT LAW, APC 6404 Wilshire Boulevard, Suite 1020, Los Angeles, CA 90048-5512 Tel: (323) 944-0206/Fax: (323) 944-0209 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ 12,050,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1051 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:     Case Number: _____ **CV11-9417**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   /Marc E. Hankin/   Date November 14, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |